# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY KEMP,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY JAIL, WATERLOO POLICE DEPARTMENT, BRAD WALZ, SHERIFF TONY THOMPSON, WARDEN OF BLACK HAWK COUNTY JAIL, ANDREA FRANA, BILL HERKELMAN, ADAM LIDDLE, KYE RICHTER, NICHOLAS SADD, BRICE LIPPERT, DAVID MCFARLAND, CHRIS GERGEN, MICHAEL RASMUSSEN, ERYN HAGEMAN, KERRY DEVINE, GREG FANGMAN, MELISSA LUDWIG, MARK HERBST,<br><br>      Defendants. | No. C15-2094-LRR<br><br>ORDER |

      This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on November 6, 2015. Also before the court is the plaintiff's complaint under 42 U.S.C. § 1983 (docket no. 1-1), which the plaintiff also submitted on November 6, 2015. Additionally, the plaintiff filed a supplement (docket no. 2) on November 17, 2015, second supplement (docket no. 3) on December 3, 2015, third supplement (docket no. 4) on December 30, 2015, fourth supplement (docket no. 5) on January 12, 2016 and fifth supplement (docket no. 6) on January 19, 2016.

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

The plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. 28 U.S.C. § 1915(a)(2). Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, the plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly balance, the court finds that the initial partial

filing fee is $40.00. *Id*. The plaintiff shall submit $40.00 by no later than March 4, 2016. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed.[1] *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Barnett v. Ray*, 320 F. App'x 823, 824-25 (10th Cir. 2009) (same); *Kennedy v. Reid*, 208 F. App'x 678, 679 (10th Cir. 2006) (same); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

---

[1] If the plaintiff does not submit the required initial partial payment by March 4, 2016, he must explain by no later than March 18, 2016 whether his failure to pay was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account, or whether his nonpayment was caused by his failure to leave sufficient funds in the account to pay the initial partial payment. *See Sims v. Davis*, 589 F. App'x 813 (8th Cir. 2015) (citing *George v. Tucker*, 570 F. App'x 629 (8th Cir. 2014)).

3

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II.  PLEADINGS

Concerning the plaintiff's complaint (docket no. 1-1), supplement (docket no. 2), second supplement (docket no. 3), third supplement (docket no. 4), fourth supplement (docket no. 5) and fifth supplement (docket no. 6), they do not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity.

The plaintiff's claims are not simple, concise and direct. It is evident from the record that the plaintiff inundated the court with filings. Because he sought to add new claims, to expand on his original claims and/or to seek additional relief, the record is very difficult to review. Stated differently, the court finds that it is extraordinarily hard to

4

discern what claims the plaintiff is actually asserting against the named defendants or unnamed defendants. Given the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than March 4, 2016 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff shall refrain from speaking on behalf of other inmates and giving legal arguments. The plaintiff should attempt to limit the "statement of claim" portion of his complaint to five pages, written on one side of the paper and double-spaced. And, the plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by March 4, 2016, this action will be dismissed. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (addressing inherent power to dismiss a case for failure to prosecute). If necessary, the plaintiff may request in a written motion an extension of time to file an amended and substituted complaint. The clerk's office shall send the plaintiff the form that is regularly used by those individuals who seek relief under 42 U.S.C. § 1983. If he so chooses, the plaintiff may complete and submit it as his amended and substituted complaint.

In sum, the court will not rely on every filing that the plaintiff submitted. Rather, as previously stated, the court will afford the plaintiff with an opportunity to file an amended and substituted complaint and conduct the necessary review once it is filed. Finally, the plaintiff should be aware that any claims that are not realleged in his amended and substituted complaint will be deemed abandoned by the court. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The court shall reserve

ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[2]

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted.

(2) The plaintiff is directed to submit an initial partial filing of $40.00 by no later than March 4, 2016. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(3) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

---

[2] Before proceeding with his action, the plaintiff should be aware of several points. First, under the Prison Litigation Reform Act,

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e). Second, a plaintiff must fully exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a). Third, an inmate must demonstrate that he suffered prejudice as a result of the inadvertent opening of legal mail by prison officials. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012). Lastly, liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *See Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007).

(4) The clerk's office is directed to file the plaintiff's complaint (docket nos. 1-1) without the prepayment of the filing fee.

(5) The plaintiff is directed to file by no later than March 4, 2016 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation and naming those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. The plaintiff is directed to refrain from speaking on behalf of other inmates and giving legal arguments. The plaintiff is encouraged to limit the "statement of claim" portion of his complaint to five pages, written on one side of the paper and double-spaced. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983.

(6) Unless the plaintiff files an amended and substituted complaint by March 4, 2016 or the court grants an enlargement of time to file an amended and substituted complaint, the clerk's office is directed to dismiss without prejudice this action.

(7) The clerk's office is directed to send the plaintiff the form that is regularly used by those who seek relief under 42 U.S.C. § 1983.

(8) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 5th day of February, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeffery Kemp, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Kemp v. Black Hawk County Jail et al.*, Case No. C15-2094-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $40.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $40.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_Sarah Molvin_ Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa